

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 21 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FEDERAL TRADE COMMISSION, and )
)
STATE OF ILLINOIS, )
)
Plaintiffs, ) Case No.
)
v. ) 1:16-cv-3463
) Judge Rebecca R. Pallmeyer
STARK LAW, LLC, an Illinois limited liability ) Magistrate Judge Sheila M. Finnegan
company, also doing business as STARK )
RECOVERY, et al., )
)
Defendants. )

## PLAINTIFFS' *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiffs, the Federal Trade Commission ("FTC") and State of Illinois, having filed their Complaint seeking a permanent injunction and other relief, including restitution for consumers injured by Defendants' unlawful practices, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*; Section 7 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/7; and Section 9.7 of the Illinois Collection Agency Act, 225 ILCS 425/9.7, move this Court on an *ex parte* basis without notice to Defendants for a Temporary Restraining Order with Asset Freeze,

Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO").[1] In support thereof, Plaintiffs state:

1. Plaintiffs seek an Order:

    a. Temporarily restraining Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692-1692p; Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2; and Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), as alleged in the Complaint;

    b. Temporarily freezing Defendants' assets and requiring repatriation of Defendants' assets and documents;

    c. Temporarily restraining and enjoining Defendants from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets;

    d. Temporarily requiring third parties holding Defendants' assets to retain within their control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of Defendants' assets, funds, documents, or other property held by, or under the control of, third parties;

    e. Appointing a temporary equity receiver to take control of Corporate Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd., in its capacity as manager of CHM Capital Group, LLC; and Pacific Capital Holdings, Inc., formerly known as

---

[1] Plaintiffs have submitted a proposed *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue with this motion.

Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital, as well as any other business related to Defendants' debt collection business and which the temporary equity receiver has reason to believe is owned or controlled in whole or in part by any Defendant, and their assets;

  f.  Granting expedited discovery; and

  g.  Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

2. *Ex parte* relief is necessary here. An *ex parte* TRO is warranted where the facts show that irreparable injury, loss, or damage will result before the defendant can be heard in opposition. *See* Fed. R. Civ. P. 65(b). Cases involving unfair and deceptive practices such as this fit squarely within the category of cases where *ex parte* relief is appropriate and necessary. As in other cases in this district where courts have granted similar relief on an *ex parte* basis,[2] irreparable injury, loss, or damage likely will result if Defendants receive notice of this action. In short, if Defendants' assets are not preserved, those assets may disappear and be unable to be used to redress consumer injury.

---

[2]  *See, e.g., FTC and State of Illinois v. K.I.P., LLC*, No. 15-cv-2985 (N.D. Ill. Apr. 6, 2015) (Lee, J.); *FTC v. Am. Yellow Browser, Inc.*, No. 15-cv-2047 (N.D. Ill. Mar. 9, 2015) (Norgle, J.); *FTC v. Modern Tech., Inc.*, No. 13-cv-8257 (N.D. Ill. Nov. 18, 2013) (Kendall, J.); *FTC v. AFD Advisors, LLC*, No. 13-cv-6420 (N.D. Ill. Sept. 10, 2013) (Zagel, J.); *FTC v. Caprice Mktg., LLC*, No. 13-cv-6072 (N.D. Ill. Aug. 29, 2013) (Lee, J.); *FTC v. Construct Data Publishers*, No. 13-cv-1999 (N.D. Ill. Mar. 15, 2013) (Tharp, J.); *FTC v. Fortune Hi-Tech Mktg.*, No. 13-cv-578 (N.D. Ill. Jan. 24, 2013) (Darrah, J.); *FTC v. Freedom Cos. Mktg., Inc.*, No. 12-cv-5743 (N.D. Ill. July 23, 2012) (Shadur, J.); *FTC v. Apogee One Enters. LLC*, No. 12-cv-588 (N.D. Ill. Jan. 30, 2012) (Kennelly, J.); *FTC v. Yellow Page Mktg. B.V.*, No. 11-cv-5035 (N.D. Ill. July 26, 2011) (Feinerman, J.); *FTC v. Nat'l Sales Group*, No. 11-cv-1230 (N.D. Ill. Feb. 22, 2011) (Guzman, J.); *FTC v. Am. Tax Relief*, No. 10-cv-6123 (N.D. Ill. Sept. 24, 2010) (Gottschall, J.); *FTC v. Central Coast Nutraceuticals, Inc.*, No. 10-cv-4931 (N.D. Ill. Aug. 5, 2010) (Norgle, J); *FTC v. Asia Pacific Telecom Inc.*, No. 10-cv-3168, (N.D. Ill. May 25, 2010) (Hart, J.); *FTC v. API Trade LLC*, No. 10-cv-1543 (N.D. Ill. May 9, 2010) (Guzman, J.); *FTC v. 6555381 Canada Inc.*, No. 09-cv-3158 (N.D. Ill. May 27, 2009) (Gettleman, J.); and *FTC v. Integration Media Inc.*, No. 09-cv-3160 (N.D. Ill. May 27, 2009) (Bucklo, J.).

3. In the FTC's experience, defendants engaged in similar schemes have withdrawn funds from bank accounts and moved or destroyed inculpatory documents when given notice of the FTC's actions.[3] Indeed, such behavior seems likely in this case given the pervasive nature of Defendants' fraud, which is detailed in Plaintiffs' Memorandum in Support of Their *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Memorandum").

4. As detailed in the TRO Memorandum, since at least 2011, Defendants have operated an unlicensed and fraudulent "debt collection" scheme targeting consumers who previously obtained or applied for payday or other short-term loans online. Defendants cold-call these consumers and demand payment for allegedly delinquent payday loan debts. They falsely threaten lawsuits, large judgments, and criminal charges against consumers who do not pay immediately. Defendants possess and use consumers' sensitive and personal information, such as Social Security and bank account numbers, to convince consumers that they must pay the alleged debt. They abuse and harass consumers by repeatedly calling, and by calling the consumers' relatives, friends, and employers. Recently, Defendants purported to begin operating as a law firm that has been retained to collect the alleged debts and that has been authorized to sue consumers who do not pay. Defendants even hired newly minted attorneys to make debt collection calls, thereby serving to make Defendants' threats of lawsuits and fraud charges seem more real. In reality, consumers do not owe any money to Defendants, and Defendants do not follow through on any of their threats. Yet, many consumers pay because they mistakenly believe Defendants are a legitimate debt collector collecting legitimate debt or simply to avoid

---

[3] *See* Declaration and Certification of Plaintiff Federal Trade Commission's Counsel Pursuant to Fed. R. Civ. P. 65(b) and Local Rule 5.5(d) in Support of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and *Ex Parte* Motion to Seal File Temporarily, filed concurrently herewith.

the threatened consequences for failing to pay. Not only do Defendants attempt to collect "phantom" payday loan debts from struggling consumers, but they also have marketed and sold counterfeit debt portfolios to other collectors, which undoubtedly has caused countless more consumers to receive telephone calls from collectors attempting to collect on bogus debt. Defendants' scheme is pure fraud, and through it, they have collected millions of dollars in payments from consumers for debts that those consumers do not owe at all, or do not owe to Defendants.

5. Plaintiffs seek to hold Defendants financially liable for the injury caused to consumers, and, therefore, Defendants have a strong incentive to dissipate or to conceal assets and to destroy or to conceal evidence once they are notified of Plaintiffs' action. Without an *ex parte* asset freeze, Defendants could destroy or conceal evidence, including documents needed to locate Defendants' victims, and conceal or dissipate funds necessary for eventual restitution to defrauded consumers when this case is resolved.

6. As in other cases in this district where courts have granted *ex parte* relief, irreparable injury, loss, or damage will likely result if Defendants receive notice of this action. Therefore, Plaintiffs request that the Court grant Plaintiffs' Motion *ex parte* and waive notice of this Motion to Defendants. Plaintiffs respectfully refer the Court to their TRO Memorandum and supporting exhibits.

WHEREFORE, Plaintiffs Federal Trade Commission and State of Illinois respectfully request that this Court grant Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue.

//

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

Dated: March 21, 2016

_/s/ William J. Hodor_
WILLIAM J. HODOR
JOHN C. HALLERUD
Federal Trade Commission
Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
whodor@ftc.gov [e-mail, Hodor]
jhallerud@ftc.gov [e-mail, Hallerud]
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

LISA MADIGAN
Attorney General

ERIN GROTHEER
KIMBERLY SLIDER
THOMAS P. JAMES
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-8966 [telephone]
(312) 814-2593 [facsimile]
egrotheer@atg.state.il.us [e-mail, Grotheer]
kslider@atg.state.il.us [e-mail, Slider]
tjames@atg.state.il.us [e-mail, James]
Attorneys for Plaintiff
STATE OF ILLINOIS