UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 1:16-cv-3463 |
| STARK LAW, LLC, *et al.*, | Hon. Rebecca R. Pallmeyer |

### RECEIVER'S MOTION TO REASSIGN RELATED CIVIL PROCEEDINGS

Gregg Szilagyi, the Court-appointed permanent equity receiver (the "Receiver") of the Receivership Defendants,[1] by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.4, hereby respectfully moves this Court to reassign case no. 17-cv-04101, *Szilagyi v. 5622 Park, LLC, et al.* (currently pending before the Honorable Jorge L. Alonso); case no. 17-cv-04109, *Szilagyi v. State Bank of Countryside as Trustee under Trust Agreement dated 8/9/2013 and Known as Trust Agreement 13-3248, et al.* (currently pending before the Honorable Samuel Der-Yeghiayan); case no. 17-cv-04115, *Szilagyi v. State Bank of Countryside as Trustee under Trust Agreement dated 10/6/2014 and Known as Trust Agreement 14-3287, et al.* (currently pending before the Honorable Robert M. Dow, Jr.); case no. 17-cv-04118, *Szilagyi v. Art Jewelers of London Inc., et al.* (currently pending before the Honorable Robert W. Gettleman); case no. 17-cv-04119, *Szilagyi v. Gaurav Mohindra* (currently pending before the Honorable Elaine E. Bucklo); case no. 17-cv-04122, *Szilagyi v. Chase Bank USA, N.A., et al.* (currently pending before the Honorable Joan H. Lefkow); case no. 17-cv-04124, *Szilagyi v. Aura Investments II, LLC* (currently pending before the Honorable Gary Feinerman); case no. 17-cv-04127, *Szilagyi v. 234 Stough-Aura Investments LLC, et al.* (currently pending before the Honorable Elaine E. Bucklo); case no. 17-cv-04128, *Szilagyi v. Aura Investments LLC, et al.* (currently pending before the Honorable Jorge L. Alonso); and case

---

[1] Undefined terms in this paragraph shall have the meanings set forth *infra*.

{11659-001 MOT A0472242.DOCX}

no. 17-cv-04130, *Szilagyi v. Hirsh Mohindra, et al.* (currently pending before the Honorable Andrea R. Wood) (collectively, the "Fraudulent Transfer Cases"), to this Court's calendar and consolidate it with *In re Stark Law, LLC, et al.*, case no. 16-cv-3463 (the "Receivership Case"), as related civil proceedings. In support of this motion, the Receiver states as follows:

## INTRODUCTION

1. The Fraudulent Transfer Cases and the Receivership Case arise out of the alleged operation by Stark Law, LLC ("Stark Law"), Stark Legal, LLC ("Stark Legal"), Ashton Asset Management, Inc. ("Ashton Asset"), CHM Capital Group, LLC also d/b/a Capital Harris Miller & Associates ("CHM"), HKM Funding, Ltd. ("HKM"), and Pacific Capital Holdings, Inc. ("Pacific" and, collectively, the "Original Receivership Defendants"), Gaurav Mohindra, Preetesh Patel and Hirsh Mohindra of "an unlicensed, fraudulent debt collection scheme that bilked millions of dollars from victims across the country" in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a), the Illinois Consumer Fraud Act, 815 ILCS 505/7, and other federal and state debt collection practices laws. After fraudulently obtaining these funds, Aura Development, Inc. would receive money from the Original Receivership Defendants to hold, utilize and distribute pursuant to Hirsh Mohindra's direction. Between January 1, 2012 and March 31, 2016, Aura received approximately $15.5 million from the Original Receivership Defendants and subsequently transferred money to or for the benefit of Hirsh Mohindra, as well as other insiders of Aura and the Original Receivership Defendants (collectively, the "Receivership Defendants") and multiple third parties.

2. In the Fraudulent Transfer Cases, the Receiver seeks to avoid and recover fraudulent transfers made by Aura to or for the benefit of the following defendants for the following minimum aggregate amounts:

- Hirsh Mohindra and Renuka Mohindra: $2,981,299.00 transferred to their joint checking account (Ex. 1);

- Chase Bank USA, N.A. and Hirsh Mohindra: $2,749,366.98 transferred to pay Hirsh Mohindra's United MileagePlus credit card bills (Ex. 2);

- State Bank of Countryside, as Trustee, and Hirsh Mohindra: $1,247,018.42 in transfers to purchase and improve property located at 505 N. Lake Shore Drive, Chicago, Illinois (Ex. 3);

- State Bank of Countryside, as Trustee, Hirsh Mohindra, Gaurav Mohindra and Renuka Mohindra: $982,583.54 transferred to pay off a construction loan and for goods, services and other costs regarding property located at 402 Ambriance, Burr Ridge, Illinois (Ex. 4);

- 5622 Park, LLC, Gaurav Mohindra and Animesh Ravani: $916,817.28 transferred to pay off a construction loan and for goods, services and other costs regarding property located at 5622 Park Ave., Hinsdale, Illinois (Ex. 5);

- Aura Investments, LLC and various first transferees: $450,524.00 transferred for goods, services and other costs regarding the construction of a new home at 16 N. Stough Ave., Hinsdale, Illinois (Ex. 6);

- Gaurav Mohindra: $348,638.24 transferred for no consideration (Ex. 7);

- RAJ Jewels, D.L. Jewels, Dipen Lakha, Hirsh Mohindra and Renuka Mohindra: $307,080.20 paid for jewelry purchases (Ex. 8);

- 234 Stough-Aura Investments, LLC, 234 Stough, LLC and Aura Investments LLC: $258,179.21 transferred for goods, services and other costs regarding the construction of a new home at 234 Stough Ave., Hinsdale, Illinois (Ex. 9); and

- Aura Investments II, LLC: $254,700.93 transferred for goods, services and other costs regarding the construction of a new home at 635 S. Quincy Ave., Hinsdale, Illinois (Ex. 10).

3. On May 31, 2017, the Receiver initiated the Fraudulent Transfer Cases by filing his complaints. Through the Fraudulent Transfer Cases, the Receiver seeks, among other relief, to recover the fraudulent transfers totaling nearly $10.5 million made by Aura to or for the benefit of Hirsh Mohindra, Gaurav Mohindra and other insiders and affiliated parties. Copies of the Complaints in the Fraudulent Transfer Cases are attached hereto as Exhibits 1 through 10.

**BACKGROUND**

A. Appointment of Receiver

4. On March 21, 2016, plaintiffs Federal Trade Commission and the State of Illinois commenced this civil action against the Original Receivership Defendants, and Hirsh Mohindra, Gaurav Mohindra and Preetesh Patel (collectively, the "Individual Defendants") alleging that they were operating "an unlicensed, fraudulent debt collection scheme that bilked millions of dollars from victims across the country" in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a), the Illinois Consumer Fraud Act, 815 ILCS 505/7, and other federal and state debt collection practices laws. [Dkt. Nos. 1, 70].

5. On March 22, 2016, the Court entered an *ex parte* temporary restraining order ("TRO") that, among other things, froze the assets of the Original Receivership Defendants and the Individual Defendants, and appointed Gregg Szilagyi as the temporary federal equity receiver of the Original Receivership Defendants. [Dkt. No. 17.]

6. Subsequently, on July 11, 2016, the Court entered the *Preliminary Injunction with Asset Freeze and Other Equitable Relief* [Dkt. No. 82] (the "Receivership Order") that, among other relief, appointed the Receiver to serve on a permanent basis. (Receivership Order at 18.)

7. The Receivership Order confers upon the Receiver "the full power of an equity receiver," and authorized and directed him to, among other things, (a) assume full control over the Original Receivership Defendants; (b) take exclusive custody, control and possession of all assets of the Original Receivership Defendants; (c) conserve, hold and manage all receivership assets; and (d) manage and administer the business of the Original Receivership Defendants. (*Id.* at 18-20.)

**B. Aura Development, Inc.**

8. On September 26, 2016, the Receiver filed the *Uncontested Motion of Receiver Gregg Szilagyi to Expand Receivership to Include Aura Development, Inc.* [Dkt. No. 132] (the "Aura Motion"), which sought to expand the Receivership Estate to include Aura. On

September 29, 2016, the Court granted the Aura Motion and entered the *Order Granting Uncontested Motion of Receiver Gregg Szilagyi to Expand Receivership to Include Aura Development Inc.* [Dkt. No. 138].

9. Upon information and belief, Aura is owned and controlled by Hirsh Mohindra. Aura's office was the same location as the Original Receivership Defendants' offices (namely, 500 Quail Ridge Drive in Westmont, Illinois). Aura's president and registered agent are Hirsh Mohindra and Gaurav Mohindra, respectively, and Hirsh Mohindra was at all relevant times in sole control of Aura's bank account and financial affairs.

10. Upon information and belief, Aura carried on no business of its own. Instead, Aura was the entity that received money from the Original Receivership Defendants to hold, utilize and distribute pursuant to Hirsh Mohindra's direction.

11. Between January 1, 2012 and March 31, 2016, Aura received approximately $15.5 million from the Original Receivership Defendants and subsequently transferred money to or for the benefit of Hirsh Mohindra, as well as other insiders of the Receivership Defendants and multiple third parties. The Original Receivership Defendants were never indebted to Aura, and Aura never provided any services to the Original Receivership Defendants in exchange for those transfers into Aura's bank account.

12. Hirsh Mohindra routinely caused Aura to transfer significant amounts of such money to: (a) banks and title companies in connection with the Complaint Defendants' real estate operations; (b) sellers of debt portfolios to acquire "inventory" for the Original Receivership Defendants' debt collection operations; and (c) third parties in payment of the debts of the Original Receivership Defendants' debt collection operations.

13. Hirsh Mohindra also routinely caused Aura to transfer significant sums to himself and Gaurav Mohindra (or to others for the Individual Defendants' benefit) to satisfy their

personal debts and for other non-business reasons, including the acquisition of luxury goods and services, none of which benefited the Receivership Defendants.

## RELIEF REQUESTED

14. The Court should find that each of the Fraudulent Transfer Cases is related to the Receivership Case within the meaning of Local Rule 40.4, and request that the Executive Committee reassign the Fraudulent Transfer Cases to this Court's calendar.

## LEGAL STANDARD

15. In order to have a case reassigned pursuant to Local Rule 40.4, a party must satisfy one or more of the relatedness definitions under Local Rule 40.4(a) and satisfy all four conditions for reassignment under Rule 40.4(b).

16. Rule 40.4(a) provides that two or more civil cases may be related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class actions suits, one or more of the classes involved in the cases is or are the same.

17. Local Rule 40.4(b) provides that "[a] case may be reassigned to the calendar of another judge if [1] it is found to be related to an earlier-numbered case assigned to that judge and [2] each of the … criteria [specified in Local Rule 40.4(b)] is met." The requisite criteria in Local Rule 40.4(b) are: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

personal debts and for other non-business reasons, including the acquisition of luxury goods and services, none of which benefited the Receivership Defendants.

## RELIEF REQUESTED

14. The Court should find that each of the Fraudulent Transfer Cases is related to the Receivership Case within the meaning of Local Rule 40.4, and request that the Executive Committee reassign the Fraudulent Transfer Cases to this Court's calendar.

## LEGAL STANDARD

15. In order to have a case reassigned pursuant to Local Rule 40.4, a party must satisfy one or more of the relatedness definitions under Local Rule 40.4(a) and satisfy all four conditions for reassignment under Rule 40.4(b).

16. Rule 40.4(a) provides that two or more civil cases may be related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class actions suits, one or more of the classes involved in the cases is or are the same.

17. Local Rule 40.4(b) provides that "[a] case may be reassigned to the calendar of another judge if [1] it is found to be related to an earlier-numbered case assigned to that judge and [2] each of the … criteria [specified in Local Rule 40.4(b)] is met." The requisite criteria in Local Rule 40.4(b) are: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

18. The decision to treat cases as related and reassign them pursuant to the local rule is a matter within the Court's discretion. *Teacher's Retirement Sys. Of Louisiana v. Black*, 2004 U.S. Dist. LEXIS 10259 (N.D. Ill. 2004) at *5.

## ARGUMENT

19. The Fraudulent Transfer Cases fit several of the relatedness definitions under Local Rule 40.4(a). The cases involve the same property (i.e., property of the receivership estate, which includes monies generated by the fraudulent scheme). The cases involve some of the same issues of fact or law and unquestionably grow out of the same transactions and occurrences.

20. Each of the Fraudulent Transfer Cases is sufficiently related to the Receivership Case to support reassignment and consolidation as a related civil proceeding. Each has its basis in the Receivership Defendants' pre-receivership acts and transactions among themselves and with various third parties. The subject of all of matters within the Receivership Case are the monies generated by the fraudulent debt collection scheme perpetrated through the Receivership Defendants and subsequently transferred through Aura to or for the benefit of numerous individuals and entities, including the Individual Defendants and the other defendants in the Fraudulent Transfer Cases. The Receiver accordingly has a substantial interest in maximizing recoveries on the transfers by pursuing claims against the defendants in the Fraudulent Transfer Cases for the benefit of the receivership estate. Thus, the Fraudulent Transfer Cases are "related" to the Receivership Case for purposes of Local Rule 40.4(a).

21. Additionally, all four of the criteria for reassignment set forth in Local Rule 40.4(b) are satisfied. First, the Fraudulent Transfer Cases and the Receivership Case are pending in this Court. Second, reassignment would result in a substantial saving of judicial time and effort because if the Fraudulent Transfer Cases are reassigned to this Court, it will obviate the

need for nine different judges to expend the considerable time and effort necessary to become familiar with the background of the Receivership Case, particularly the reasons why the Court appointed the Receiver, authorized him to investigate Defendants' acts and transactions with third parties and institute actions to recover the assets of the Receivership Defendants. Third, the Receivership Case has not progressed to the point where designating a later filed case as related would delay the proceedings. To the contrary, the Fraudulent Transfer Cases are being pursued consistent with the Receiver's responsibilities and his administration of the receivership estate. Lastly, because, as discussed above, all of the cases involve the same property and common questions of law and fact, the cases are susceptible of disposition – and arguably should be disposed of – in a single proceeding to avoid conflicting results.

## CONCLUSION

22. For all the foregoing reasons, the Receiver respectfully requests that this Court grant the relief requested in this motion by finding that the Fraudulent Transfer Cases should be reassigned to this Court's calendar for administration with the Receivership Case.

**WHEREFORE**, the Receiver respectfully requests that the Court enter an order: (i) granting the Motion; (ii) finding that each of the Fraudulent Transfer Cases is related to the Receivership Case; (iii) recommending to the Executive Committee that the Fraudulent Transfer Cases be reassigned to this Court's calendar; and (iv) awarding such other relief as is just and appropriate.

Dated: June 8, 2017

Respectfully submitted,

Gregg Szilagyi, Receiver of Stark Law, LLC, Stark Legal, LLC, Ashton Asset Management, Inc., CHM Capital Group, LLC, HKM Funding, Ltd., Pacific Capital Holdings, Inc. and Aura Development, Inc.

                                                By    /s/  *Mark L. Radtke*
                                                       One of his attorneys

Robert M. Fishman
Mark L. Radtke
Christina M. Sanfelippo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
rfishman@shawfishman.com
mradtke@shawfishman.com
csanfelippo@shawfishman.com

*Counsel for the Overall Receiver*