UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| STATE OF ILLINOIS, | ) |
| Plaintiffs, | ) Case No. 1:16-cv-3463 |
| v. | ) Judge Rebecca R. Pallmeyer |
| STARK LAW, LLC, an Illinois limited liability company, also doing business as STARK RECOVERY, *et al.*, | ) Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

1. An attorney marking material as "Confidential Material" certifies in good faith that it contains sensitive personal information.

2. "Sensitive Personal Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3. Confidential Material must be designated as follows:

1

      a.      Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the portions of the material that are confidential.

      b.      Mark electronic materials "CONFIDENTIAL" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

      c.      Designate deposition transcripts as Confidential Material within ten (10) days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

4.      An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

5.      Within ten (10) days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

6.  Confidential Material may only be disclosed to:

      a.      the Court and court personnel;

      b.      the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

      c.      experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

      d.      any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

      e.      witnesses and their counsel, provided that they agree in writing to abide by this protective order.

7.      Disclosure of confidential material to any person described in Paragraph 6 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever.  Provided, however, that Plaintiff Federal Trade Commission ("Commission") may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose confidential material as provided by sections 4.9-4.11 of its Rules of Practice; sections 6 and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

8.      Confidential Material shall only be filed with a motion to seal the material, unless the party introducing the material provides the designating party notice of its intention to publicly file the material at least fourteen (14) days in advance of filing to provide an opportunity for the designee to seek further protection from the Court.  If the designee seeks protection within the fourteen (14) days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

9.      At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information.  All Confidential Materials held by the

parties shall be destroyed or returned to the designee, except that the Commission shall retain, return, or destroy Confidential Materials in accordance with Rule 4.12 of the Commission's Rules of Practice.

10.     This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court.

**SO ORDERED,** this 6th day of July, 2017.

_____
HONORABLE REBECCA R. PALLMEYER
United States District Judge