**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
|      Plaintiffs, | ) Case No. 1:16-cv-3463 |
| | ) |
|      v. | ) Judge Rebecca R. Pallmeyer |
| | ) |
| STARK LAW, LLC, an Illinois limited liability | ) Magistrate Judge Sheila M. Finnegan |
| company, also doing business as STARK | ) |
| RECOVERY, _et al._, | ) |
| | ) |
|      Defendants. | ) |

_____

**<u>JOINT MOTION TO STAY PROCEEDINGS FOR NINETY DAYS</u>**

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and State of Illinois, and Defendants, Stark Law, LLC; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC; HKM Funding, Ltd.; Pacific Capital Holdings, Inc.; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel (collectively, the "Parties"), through their counsel, hereby jointly move the Court for a ninety (90) day stay of these proceedings pending approval by the FTC Commissioners of stipulated final orders that have been signed by Defendants and that would resolve all of Plaintiffs' claims against them. The Parties believe that good cause exists for the relief sought by this motion. No trial date has been set. To avoid unnecessary costs and time, and to preserve judicial resources, the Parties jointly seek a limited duration stay of these proceedings pending approval by the FTC Commissioners of stipulated final orders that would resolve all of Plaintiffs' claims against Defendants.

In support of their Motion, the Parties state as follows:

1.    On March 21, 2016, Plaintiffs filed their Complaint (Dkt. No. 1) against six entities and three individuals alleging that Defendants operated a fraudulent debt collection scheme in violation of federal and state laws.  Concurrent with filing their Complaint, Plaintiffs moved for, and the Court granted, an *ex parte* temporary restraining order freezing Defendants' assets and appointing a temporary receiver to preserve assets and manage the corporate Defendants (Dkt. No. 17).  On July 11, 2016, the Court subsequently entered a preliminary injunction over all Defendants that, among other things, continued the asset freeze and made the temporary Receiver's appointment permanent (Dkt. No. 82).  On August 10, 2016, Defendants filed their Answer (Dkt. No. 100).

2.    On September 7, 2016, the Parties jointly filed their Rule 26(f) Report of Parties' Planning Meeting.  On September 12, 2016, the Court issued an order (Dkt. No. 122) ("Scheduling Order") setting various dates and deadlines, including a fact discovery deadline of May 19, 2017.

3.    On May 12, 2017, the Parties jointly moved the Court to modify the Scheduling Order to allow the Parties additional time to complete discovery and to continue settlement discussions.  (Dkt. No. 282.)  The Parties informed the Court that they were engaged in meaningful settlement discussions.  (*See id.*)  On May 16, 2017, the Court granted the Parties' motion and entered an order modifying the Scheduling Order that, among other pending dates, extended the fact discovery deadline from May 19, 2017, to August 17, 2017 (Dkt. No. 284).

4.    Since entry of the Court's May 16, 2017, order, the Parties continued to engage in settlement negotiations, which have resulted in agreements in principle among the Parties.  The settlement agreements have been reduced to writing and signed by Defendants.  The last of the signed settlement agreements were received by counsel for Plaintiffs on July 24, 2017.

5.      The FTC is an independent agency of the federal government headed by five Commissioners appointed by the president and confirmed by the Senate.  15 U.S.C. § 41.  All decisions concerning settlements of litigation are made by a majority vote of the Commissioners.  No one Commissioner, nor any other Commission employee, can bind the agency to a settlement.  *See* 16 C.F.R. § 4.14(c).

6.      Counsel for the Commission will be forwarding the settlement agreements to the Commission for approval.  A formal vote by the Commissioners, however, may take sixty (60) days or longer to complete.  In order to permit the FTC Commissioners sufficient opportunity to vote on the settlement agreements that have been executed by Defendants, the Parties jointly move this Court for a ninety (90) day stay of these proceedings.  Once approved by majority vote of the Commissioners, the settlement agreements would then be signed by Plaintiffs' counsel and submitted to the Court for approval and entry.[1]  Once entered, the settlement agreements would resolve all of Plaintiffs' claims against Defendants.

7.      Fact discovery in this matter closes on August 17, 2017.  Plaintiffs presently have several depositions scheduled to begin on August 2, 2017.  A stay will save the Parties the costs and time associated with the taking of depositions and responding to discovery that may be unnecessary.  The Parties believe that a ninety (90) day stay of the proceedings pending a Commission vote will best preserve judicial resources and mitigate the costs and time of litigating this matter further.

8.      Nothing herein is intended to prohibit or restrict the Receiver from continuing to discharge his duties and responsibilities as directed and required by the preliminary injunction.

---

[1]      Plaintiff State of Illinois also must obtain approval of the settlement agreements, which is expected to occur concurrently.

WHEREFORE, the parties respectfully move the Court to enter an order granting a ninety (90) day stay of this matter pending formal vote by the FTC Commissioners of the negotiated settlement agreements that have been signed by Defendants.[2]

Respectfully submitted,

Dated: July 25, 2017

**FOR PLAINTIFFS:**

/s/ William J. Hodor
WILLIAM J. HODOR
JOHN C. HALLERUD
GUY G. WARD
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
whodor@ftc.gov [e-mail, Hodor]
jhallerud@ftc.gov [e-mail, Hallerud]
gward@ftc.gov [e-mail, Ward]
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

ERIN GROTHEER
KIMBERLY SLIDER
THOMAS P. JAMES
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-8966 [telephone]
(312) 814-2593 [facsimile]
egrotheer@atg.state.il.us [e-mail, Grotheer]
kslider@atg.state.il.us [e-mail, Slider]
tjames@atg.state.il.us [e-mail, James]

Attorneys for Plaintiff
STATE OF ILLINOIS

**FOR DEFENDANTS:**

/s/ Rachel Hirsch
RACHEL HIRSCH
JEFF IFRAH
Ifrah PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
(202) 524-4140 [telephone]
(202) 524-4141 [facsimile]
rhirsch@ifrahlaw.com [e-mail, Hirsch]
jeff@ifrahlaw.com [e-mail, Ifrah]

STEVEN A. GREENBERG, Local Counsel
Steven A. Greenberg and Associates, Ltd.
53 West Jackson Boulevard
Chicago, Illinois 60603
(312) 879-9500 [telephone]

Attorneys for Defendants
STARK LAW, LLC
STARK LEGAL, LLC
ASHTON ASSET MANAGEMENT, INC.
CHM CAPITAL GROUP, LLC
HKM FUNDING, LTD.
PACIFIC CAPITAL HOLDINGS, INC.
HIRSH MOHINDRA
GAURAV MOHINDRA
PREETESH PATEL

---

[2] A proposed order has been submitted herewith.